# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF TEXAS
# GALVESTON DIVISION

| | | |
|---|---|---|
| TRI T. TRAN, | § | |
| | § | |
| Plaintiff. | § | |
| | § | |
| V. | § | CIVIL ACTION NO. 3:25-cv-00377 |
| | § | |
| STRATEGIC DENTAL | § | |
| EXECUTIVES, LLC *et al.*, | § | |
| | § | |
| Defendants. | § | |

## **OPINION AND ORDER**

"Federal courts are courts of limited jurisdiction," possessing "only that power authorized by Constitution and statute." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). I am required to "presume that a suit lies outside this limited jurisdiction, and the burden of establishing federal jurisdiction rests on the party seeking the federal forum." *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 916 (5th Cir. 2001).

The Fifth Circuit has long held that federal courts "have the responsibility to consider the question of subject matter jurisdiction *sua sponte* if it is not raised by the parties and to dismiss any action if such jurisdiction is lacking." *Giannakos v. M/V Bravo Trader*, 762 F.2d 1295, 1297 (5th Cir. 1985). Even more pertinent, 28 U.S.C. § 1447(c), applicable to actions removed from state court, provides: "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." Parties "may neither consent to nor waive federal subject matter jurisdiction." *Simon v. Wal-Mart Stores, Inc.*, 193 F.3d 848, 850 (5th Cir. 1999).

On November 19, 2025, Defendant Strategic Dental Executives, LLC removed this case from the 56th Judicial District Court of Galveston County, Texas on the basis of federal question jurisdiction. *See* Dkt. 1. Plaintiff Tri Tran does not assert any federal claims in his state court petition. Rather, Tran asserts two claims

that arise only under Texas state law: (1) a Texas common law claim for wrongful discharge in violation of public policy, and (2) a breach of contract claim. *See* Dkt. 1-1 at 8–11. Despite Tran's assertion of only Texas state law claims, Strategic Dental argues that "resolution of [Tran's wrongful termination claim] depends upon resolution of a substantial question of federal law—namely, whether Defendants' actions violated the Occupation[al] Health and Safety Act" ("OSHA"). Dkt. 1 at 4–5. Despite acknowledging that OSHA "does not provide a private cause of action," Strategic Dental insists that "the crux of [Tran]'s primary claim, as plead, is for retaliation under Section 11(c) of [OSHA]." *Id.* at 5. Courts across the country have uniformly rejected this argument.

For example, the Sixth Circuit has held that "a state-law employment action for wrongful termination in violation of federal public policy does not present a substantial federal question over which federal courts may exercise 'arising under' jurisdiction under 28 U.S.C. § 1331." *Eastman v. Marine Mech. Corp.*, 438 F.3d 544, 553 (6th Cir. 2006). Every court that I have found to address this exact issue has remanded the case to state court.[1]

---

[1] *See, e.g.*, *Glanton v. Harrah's Ent., Inc.*, No. 07-15425, 297 F. App'x 685, 687 (9th Cir. 2008) (vacating district court's decision and remanding with instructions to remand case to state court after holding that plaintiff's state law constructive discharge claim did not raise a substantial federal question because (1) the interpretation of federal law, including OSHA was not an essential element of plaintiff's claim; (2) OSHA was not the sole means of establishing a violation of state public policy; (3) there is no substantial federal interest because the action was not brought to enforce OSHA regulations; and (4) OSHA does not provide a private cause of action); *Stone v. Bob Evans Rests., LLC*, No. 8:24-cv-2631, 2024 WL 4956711, at *2 (M.D. Fla. Nov. 14, 2024) ("To the extent that Defendant contends Plaintiff's state law claims depend on the resolution of a federal issue because they will require a determination of whether Defendant has violated OSHA, the Court finds that the fact that a claim requires resolution of federal law does not make the issue substantial and is not sufficient to confer federal question jurisdiction upon the Court." (quotation omitted)); *Nemeroff v. Giordano's Garden Groceries, LLC*, No. CV 22-4291, 2023 WL 1767764, at *2 (E.D. Pa. Feb. 3, 2023) ("Whether OSHA creates a public policy mandate in the state of Pennsylvania that is applicable to Giordano's [wrongful termination claim] is not a question that requires interpreting federal law. Instead, it requires a court to determine how much a federal statute or regulation affects the development of, or has been incorporated into, Pennsylvania common law, namely the common law public policy cause of action for wrongful termination. . . . This is a question

It is my responsibility to raise the question of subject matter jurisdiction as soon as it becomes apparent. For the reasons stated above, I do not think that there is a substantial federal question presented in this case, and therefore, this court lacks subject matter jurisdiction. If Strategic Dental disagrees, then it may file a brief explaining why this case should not be remanded to state court by <u>Thursday, December 11, 2025</u>. If Strategic Dental files such a brief, Tran may file a response by <u>Thursday, December 18, 2025</u>. Alternatively, the parties are welcome to file an agreed motion to remand.

SIGNED this 21st day of November 2025.

ANDREW M. EDISON
UNITED STATES MAGISTRATE JUDGE

---

of Pennsylvania common law." (cleaned up)); *Bradley v. Fountain Bleu Health & Rehab. Ctr., Inc.*, No. 22-cv-11565, 2022 WL 5241841, at *2 (E.D. Mich. Oct. 6, 2022) (remanding to state court because "even though Plaintiffs' [state law] Wrongful Discharge Claim rests, in part, on their allegation that they were fired for exercising rights conferred upon them by . . . OSHA, the claim does not necessarily depend upon resolution of a substantial federal question"); *Meyer v. Health Mgmt. Assocs., Inc.*, 841 F. Supp. 2d 1262, 1265 (S.D. Fla. 2012) (remanding to state court after holding that Plaintiff's state law whistleblower claim did not raise a substantial federal question "because it does not concern a pure issue of federal law, it does not involve any federal actors, and the underlying determination of whether any violation occurred is fact-bound and situation-specific"); *McKinney v. Alcoa, Inc.*, No. CV08-08355SJOVBKX, 2009 WL 305061, at *3 (C.D. Cal. Feb. 5, 2009) ("[F]ederal OSHA is not a necessary element of either of McKinney's wrongful termination claims because California state law independently espouses the same public policy established in federal OSHA." (quotation omitted)).