**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION**

| | | |
|---|---|---|
| TRI T. TRAN, | § | |
| | § | |
| Plaintiff. | § | |
| | § | |
| V. | § | CIVIL ACTION NO. 3:25-cv-00377 |
| | § | |
| STRATEGIC DENTAL | § | |
| EXECUTIVES, LLC *et al.*, | § | |
| | § | |
| Defendants. | § | |

## **MEMORANDUM AND RECOMMENDATION**

On November 20, 2025, all pretrial matters in this removed case were referred to me. *See* Dkt. 5. Today, I sua sponte recommend that this case be remanded to the 56th District Court of Galveston County, Texas.

## BACKGROUND

On November 19, 2025, Defendant Strategic Dental Executives, LLC removed this case from state court based on federal question jurisdiction. *See* Dkt. 1. Plaintiff Tri T. Tran does not assert any federal claims in his state court petition. Rather, Tran asserts two claims that arise only under Texas state law: (1) a Texas common law claim for wrongful discharge in violation of public policy, and (2) a breach of contract claim. *See* Dkt. 1-1 at 8–11. Despite Tran's assertion of only Texas state law claims, Strategic Dental argues that "resolution of [Tran's wrongful termination claim] depends upon resolution of a substantial question of federal law—namely, whether Defendants' actions violated the Occupation[al] Health and Safety Act" ("OSHA"). Dkt. 1 at 4–5. Despite acknowledging that OSHA "does not provide a private cause of action," Strategic Dental insists that "the crux of [Tran]'s primary claim, as plead, is for retaliation under Section 11(c) of [OSHA]." *Id.* at 5.

On November 21, 2025, I issued an opinion and order, explaining to the parties why "I do not think that there is a substantial federal question presented in this case, and therefore, this court lacks subject matter jurisdiction." Dkt. 6 at 3. I

invited the parties to brief the question of subject matter jurisdiction, which they did. *See* Dkts. 10, 11. With the benefit of that briefing, I will now explain why federal question jurisdiction is lacking and this case must be remanded to state court.

## LEGAL STANDARD

"Federal courts are courts of limited jurisdiction. They possess only that power authorized by Constitution and statute." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). "Only state-court actions that originally could have been filed in federal court may be removed to federal court by the defendant." *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987). "The removing party bears the burden of showing that federal jurisdiction exists and that removal was proper." *Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002). "Accordingly, "doubts regarding whether removal jurisdiction is proper should be resolved against federal jurisdiction" and in favor of remand. *Acuna v. Brown & Root Inc.*, 200 F.3d 335, 339 (5th Cir. 2000).

The two primary sources of federal district courts' original jurisdiction are diversity jurisdiction and federal question jurisdiction. *See* U.S. Const., art. III, § 2, cl. 1; 28 U.S.C. §§ 1331–32. Diversity jurisdiction allows district courts to decide cases that are between citizens of different states when the amount in controversy involves more than $75,000. *See* 28 U.S.C. § 1332(a).[1] Federal question jurisdiction exists where a claim arises "under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. Because "the plaintiff is the master of the complaint, the well-pleaded-complaint rule enables him, by eschewing claims based on federal law, to have the cause heard in state court." *Holmes Grp., Inc. v. Vornado Air Circulation Sys., Inc.*, 535 U.S. 826, 831 (2002) (cleaned up).

---

[1] The parties' citizenships are not disclosed in the record. Even if the parties are diverse, "the Court only looks at the originally pleaded jurisdictional grounds put forth by Defendant." *Taylor v. Peak Behavioral Health, Servs. LLC*, 735 F. Supp. 3d 784, 790 (W.D. Tex. 2024). Strategic Dental asserted only federal question jurisdiction in its removal. Thus, the parties citizenship is irrelevant because the court cannot consider diversity jurisdiction as a basis for Strategic Dental's removal of this lawsuit.

"The presence or absence of federal-question jurisdiction is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Caterpillar*, 482 U.S. at 392. An action arises under federal law "only in those cases in which a well-pleaded complaint establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law." *Singh v. Duane Morris LLP*, 538 F.3d 334, 337–38 (5th Cir. 2008) (citation modified). The "test for jurisdiction over federal issues embedded in state-law claims between nondiverse parties" is this: "does a state-law claim necessarily raise a stated federal issue, actually disputed and substantial, which a federal forum may entertain without disturbing any congressionally approved balance of federal and state judicial responsibilities." *Grable & Sons Metal Prods., Inc. v. Darue Eng'g & Mfg.*, 545 U.S. 308, 314 (2005). Federal courts must presume "that a cause lies outside this limited jurisdiction" unless the party asserting federal jurisdiction carries its burden to establish otherwise. *Kokkonen*, 511 U.S. at 377.

## ANALYSIS

The only two claims that Tran advances in his petition are state law claims: (1) wrongful discharge in violation of public policy and (2) breach of contract. In its Notice of Removal, Strategic Dental asserted that this "Court has supplemental jurisdiction over Plaintiff's state law breach of contract claim," not original federal question jurisdiction. Dkt. 1 at 6. Thus, the only question I must address is whether Tran's wrongful discharge claim raises a substantial federal question.

Before going any further, it is worth reviewing the elements of Tran's wrongful discharge claim, which is a judicial creation. "In *Sabine Pilot,* the Texas Supreme Court created a narrow exception to the employment at will doctrine covering 'only the discharge of an employee for the sole reason that the employee refused to perform an illegal act.'" *Hawthorne v. Star Enter., Inc.*, 45 S.W.3d 757, 760 (Tex. App.—Texarkana 2001, pet. denied) (quoting *Sabine Pilot Serv., Inc. v.*

*Hauck*, 687 S.W.2d 733, 735 (Tex. 1985)). "In order to prevail under a *Sabine Pilot* cause of action, a plaintiff must prove two things: (1) that the plaintiff refused to perform an illegal act, and (2) that this refusal was the only reason that he or she was terminated." *Hawthorne*, 45 S.W.3d at 760.

Strategic Dental argues that Tran's petition "forecloses a claim under *Sabine Pilot* and is instead, plainly a whistleblower claim under OSHA." Dkt. 10 at 26.[2] In other words, Strategic Dental believes that there is federal question jurisdiction not because Tran's *Sabine Pilot* claim raises a substantial federal question; rather, Strategic Dental believes that there is a substantial federal question because Tran's *Sabine Pilot* claim is an OSHA whistleblower claim in disguise. There are two problems with Strategic Dental's argument.

First, I will assume *arguendo* that Strategic Dental is right, and that Tran's *Sabine Pilot* claim is really an OHSA whistleblower claim in disguise. Strategic Dental already knows that OSHA "does not provide a private cause of action." Dkt. 1 at 5. If Tran's *Sabine Pilot* claim is "construed as a direct challenge under OSHA," then it would be "properly dismissed" for lack of subject matter jurisdiction "because OSHA does not give rise to a private cause of action." *Lyle v. Magnolia State Enter., Inc.*, 105 F.3d 654 n.3 (5th Cir. 1996); *see also Brooks v. Alcon*, No. 4:20-cv-00306, 2021 WL 1553969, at *3 (N.D. Tex. Apr. 5, 2021) ("Brooks' claims should be dismissed for lack of subject matter jurisdiction because OSHA does not create a private right of action, and the Court does not have jurisdiction over her claims."); *Aranyosi v. Delchamps, Inc.*, No. 97-0251, 1997 WL 118389, at *1 (E.D. La. Mar. 14, 1997) ("The court first finds that there is no federal question jurisdiction because Plaintiffs have not pled a cause of action

---

[2] Strategic Dental makes this argument for two reasons. First, when Tran submitted his OSHA Online Whistleblower Complaint Form, which is attached to his Original Petition, he failed to check the box for "Refusing to perform a task the employee believes is dangerous or illegal" in the second that asks why he believes he suffered an adverse employment action. Dkt. 10 at 11 (citing Dk. 1-1 at 41). Second, "the words 'illegal acts' appear nowhere in the Original Petition." Dkt. 10 at 26.

4

pursuant to OSHA and indeed OSHA § 11(c) does not provide a private right of action and remedy to Plaintiffs."). At the risk of stating the obvious, if a district court is required to dismiss a claim directly filed in federal court for lack of subject matter jurisdiction because the federal statute being sued upon does not create a private right of action, then that federal statute cannot be the basis for removal.[3] *See Willy v. Coastal Corp.*, 855 F.2d 1160, 1169 (5th Cir. 1988) ("[I]t would 'flout' congressional intent to allow a federal court to exercise federal question jurisdiction over a removed claim for violation of a federal statute that does not provide a private cause of action." (quoting *Merrell Dow Pharm. Inc. v. Thompson*, 478 U.S. 804, 812 (1986))).

Second, if we want to talk about disguises, Strategic Dental's argument that Tran's "so-called *Sabine Pilot* claim fails on its face" is not so much a jurisdictional argument as it is an argument why Tran fails to state a claim. Dkt. 10 at 11. A Texas state court is more than capable of ascertaining whether Tran's wrongful discharge claim fails because (1) "the words 'illegal acts' appear nowhere in the Original Petition" or (2) because Tran is actually bringing "a whistleblower claim under OSHA," which is no claim at all. *Id.* at 26. There is simply nothing here for a federal court to decide.

One last point to short-circuit the noise: even if I assume, for the sake of argument, that Tran's wrongful discharge claim raises a federal question, Strategic Dental has done nothing to show that the (unidentified) federal question is actually disputed or substantial. The word "disputed" does not even appear in Strategic Dental's Notice of Removal. Strategic Dental asserts that "resolution of Plaintiff's primary claim depends upon a substantial question of federal law," but Strategic Dental never articulates what that question is, why that question is in dispute, and most importantly, why that dispute is substantial. Dkt. 1 at 4. Even in its Brief in

---

[3] It is true, as Strategic Dental notes, that plaintiffs "may not avoid federal question jurisdiction by characterizing a federal claim as a state claim." Dkt. 10 at 27 (quoting *Firefighters' Ret. Sys. v. Regions Bank*, 598 F. Supp. 2d 785, 791 (M.D. La. 2008)). But that assumes that there is a federal claim in the first place.

Support of Removal, Strategic Dental merely pays lip service to "actually disputed and substantial"—those words appear only once when quoting the legal standard. Dkt. 10 at 9. Thus, setting aside all the other problems with Strategic Dental's Notice of Removal, it would fail anyway because Strategic Dental has never identified—beyond hand-waiving at OSHA—what federal question is actually disputed and substantial. This is an independent and sufficient reason to remand this case to state court.

## CONCLUSION

Because a federal claim is not evident on the face of the original petition, and because Tran's state law claims do not raise an actually disputed, substantial federal question, Strategic Dental has failed to invoke this court's federal question jurisdiction. Accordingly, I recommend that this case be remanded to the 56th District Court of Galveston County, Texas.

Generally, the parties have 14 days from service of this Memorandum and Recommendation to file written objections. See 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b)(2). Because the holidays are upon us, I will extend the deadline for either side to object to my memorandum and recommendation until Friday, January 9, 2026. Failure to file timely objections will preclude appellate review of factual findings and legal conclusions, except for plain error.

SIGNED this 19th day of December 2025.

_____
ANDREW M. EDISON
UNITED STATES MAGISTRATE JUDGE